**MEDIC AIR CORPORATION,**
Plaintiff–Appellant,

v.

**AIR AMBULANCE AUTHORITY, d/b/a Centra Comm and Care Flight, Washoe Medical Center, Inc., Saint Mary's Hospital, Inc., Washoe County, and Washoe County District Board of Health, Defendants-Appellees.**

No. 87–2013.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 11, 1988.

Decided April 4, 1988.

is denied.

Richard L. Rosen and Louis Milicich, Arnstein, Gluck, Lehr & Milligan, Chicago, Ill., for plaintiff-appellant.

George E. Leonard, Shughart, Thomson, Kilroy, A Professional Corp., Kansas City, Mo., for defendants-appellees Air Ambulance Authority, Washoe Medical Center, Inc., and St. Mary's Hosp., Inc.

Kim G. Rose, Walther, Key, Maupin, Oats, Cox, Lee & Klaich, Reno, Nev., for defendant-appellee Washoe Medical Center, Inc.

James Halley, Woodburn, Wedge, Blakey & Japson, Reno, Nev., for defendant-appellee St. Mary's Hosp., Inc.

Before WRIGHT, CHOY and NOONAN, Circuit Judges.

NOONAN, Circuit Judge:

Medic Air Corporation (Medic Air), a Reno, Nevada air ambulance service, brought suit under the Sherman Act, 15 U.S.C. § 1, 2, and 4 against Air Ambulance Authority (Air Ambulance) a competitor; two Reno hospitals, Washoe Medical Center, Inc. (Washoe Medical) and St. Mary's Hospital (St. Mary's); and Washoe County. Seven state contract or tort claims, denominated by the plaintiff as pendent, were also asserted against one or more of these defendants or against the Washoe County District Board of Health (the District Board), a creation of the County of Washoe and the cities of Sparks and Reno. On motion by the antitrust defendants the district court gave summary judgment in their favor, holding their conduct immune from liability as state-authorized action protected under *Parker v. Brown,* 317 U.S. 341, 63 S.Ct. 307, 87 L.Ed. 315 (1943). The pendent claims were dismissed for want of federal jurisdiction. Medic Air appeals.

## Analysis

*First.* Medic Air has been in the business of providing ambulance service by fixed-wing airplanes from Reno since 1980; in 1984 and again in 1985 it also began a helicopter ambulance service but in each case discontinued it. Air Ambulance was organized and incorporated in 1981 by the two Reno hospitals; it provides ambulance service by helicopter. In January 1983 the Health Department, a creation of the District Board, designated Air Ambulance as the exclusive dispatcher of air ambulance service into or within Washoe County. Air Ambulance was required to operate in conformity with the Dispatching Policy Procedures and Protocol for Emergency Medical Services, approved in November 1982 by the District Board. All permitted ambulance service within or into Washoe County was to adhere to the directions of Air Ambulance, the exclusive dispatcher. The Dispatching Policy Procedures and Protocol were revised in February 1984, April 1984, and March 1985, reflecting the District Board's continuing attention to the dispatch service.

Counties and cities in Nevada have authority to grant exclusive franchises for the operation of ambulances. N.R.S. 244.-87 and 266.295; *Ambulance Service of Reno v. Nevada Ambulance Services*, 819 F.2d 910 (9th Cir.1987). The Health Board is a legally-authorized creation of the District Board, which in turn is the legal creation of the County of Washoe, the City of Sparks and the City of Reno. *Id.* at 911. The Health Department and the District Board are in turn supervised by the State Board of Health. *Id.*

The position of Air Ambulance as exclusive dispatcher is by designation of the state, but Air Ambulance is not itself a state or municipal entity. Consequently, to enjoy immunity from the anti-trust laws, it must show its actions were taken pursuant to a clearly articulated and affirmatively expressed state policy to displace competition and that it was "actively supervised" by the state itself. *324 Liquor Corporation v. Duffy*, 479 U.S. 335, 107 S.Ct. 720, 725, 93 L.Ed.2d 667 (1987). The state acted here to provide supervision through the Health Department. *Cf. Washington State Electrical Contractors Ass'n. v. Forrest*, 839 F.2d 547 (9th Cir.1988). Nevada has articulated a policy of granting exclusive franchises for the operation of ambulances. The Health Department actively supervised Air Ambulance by means of the Dispatching Protocols. Air Ambulance exercises its monopoly of dispatching services immune from antitrust complaints. *Charley's Taxi Radio Dispatch Corp. v. SIDA*, 810 F.2d 869 (9th Cir.1987).

◾ *Second.* Air Ambulance draws from this conclusion the corollary that it is also immune in its operation of the dispatching system. Air Ambulance is mistaken. The designation of Air Ambulance diminished competition, it did not eliminate it. Air Ambulance is not free to run the system to exclude or destroy Medic Air. The state and its agencies have not granted Air Ambulance an exclusive franchise. That they might have done so is irrelevant. The state must act if immunity is to exist.

In the fourteenth count of its complaint, Medic Air alleged that the actions of the Health Department "led to a helicopter monopoly" by Air Ambulance. This allegation was not an admission that the state had lawfully undertaken to give Air Ambulance an exclusive franchise. Medic Air stated specifically that the Health Department had gone beyond its statutory power. The allegation does not bind Medic Air so as to disable it from showing that the state has not granted an exclusive helicopter ambulance franchise to Air Ambulance. The Dispatcher Policy Procedures and Protocol that guided Air Ambulance provided explicitly for rotation of the air ambulance companies.

The Protocols did not interfere with existing competition. The District Board did not seek to displace competition or limit entry into the ambulance market. The District Board did not even consider the dispatch program's effect upon competition. The alleged anticompetitive conduct was not a "necessary or reasonable consequence" of the decision to establish an exclusive dispatcher. *See Springs Ambulance Service, Inc. v. City of Rancho Mirage*, 745 F.2d 1270, 1273 (9th Cir.1984).

The District Board only centralized the dispatch of emergency medical services under a plan that would have a neutral impact on competition. The alleged anticompetitive conduct was not pursuant to Nevada's policy that allowed local government to displace competition. The District Board's dormant power to exclude competition, even coupled with its decision to create a dispatch system that facilitated anticompetitive conduct, does not immunize the defendants so they may act in a manner that injures competition. They enjoy no *Parker* immunity.

Medic Air alleges that Air Ambulance has conspired with Washoe Medical Center and St. Mary's to restrain trade in the provision of fixed wing and helicopter ambulance service in Washoe County. If the defendants have done so, they are not cloaked with the immunity of the state. Whether they have done so remains to be tried. That the restraint was accomplished by discrimination in dispatching is not a defense.

1190

*Third.* The state and its agencies have not regulated the prices of air ambulance services. Medic Air's complaint states that Air Ambulance engaged in predatory pricing of helicopter ambulance service with the intention of monopolizing the Reno market, and that Washoe Medical and St. Mary's conspired with Air Ambulance and each other to make this predatory pricing possible. No immunity attaches to the hospitals or Air Ambulance in doing the acts alleged. A triable issue of fact exists as to whether they engaged in such behavior.

*Fourth.* The two hospitals are charged by Medic Air with discriminatory treatment at their landing pads and at other hospitals managed by the two defendant hospitals, all with the intention to restrain trade. These alleged acts enjoy no immunity, and their occurrence is a triable issue.

*Fifth.* The claims asserted by Medic Air under the Sherman Act against Air Ambulance and the two hospitals must be tried, save for that portion of their claims alleging wrongdoing by any of the defendants in giving Air Ambulance a monopoly of dispatch services. The reinstatement of the federal claims requires the reinstatement of the pendent claims. The district court retains its discretion to examine these claims to determine whether they contain a nucleus of objective fact common with the federal claims. *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

*Sixth.* Washoe County must be dismissed as a defendant. No claim is stated against it. The District Board must also be dismissed as a defendant. The only claim against it, set out in Count XIV, is that without authority it created "a helicopter ambulance monopoly." That authority exists under N.R.S. §§ 244.187 and 268.081; *Ambulance Service of Reno, supra.*

REVERSED and REMANDED.